NO. 07-03-0358-CR


 NO. 07-03-0359-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 16, 2005


______________________________



THOMAS CRAIG LYONS, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 258TH DISTRICT COURT OF POLK COUNTY;



NOS. 16,760 and 16,761; HON. JERRY SANDEL, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, REAVIS, and CAMPBELL, JJ.

 Appellant, Thomas Craig Lyons, appeals his two convictions for aggravated sexual
assault of a child. Pursuant to open pleas of guilty and a punishment hearing, the trial court
found that the evidence substantiated findings of guilt, found him guilty of each offense, and
sentenced him to 15 years in prison. Thereafter, appellant appealed.

 Appellant's appointed counsel filed a motion to withdraw, together with an Anders (1)

brief wherein he certified that, after diligently searching the record, he concluded that the
appeals were without merit. Along with his brief, appellate counsel attached a copy of a
letter sent to appellant informing him of counsel's belief that there was no reversible error
and of appellant's right to file a response or brief pro se. By letter dated April 12, 2005, this
court also notified appellant of his right to tender his own brief or response and set May 6,
2005, as the deadline to do so. Appellant filed a pro se response.

 In compliance with the principles enunciated in Anders, appellate counsel discussed 
several potential areas for appeal. They involve 1) the voluntariness of appellant's plea,
2) the admonishments concerning the effect of his plea, and 3) error in the sentencing. 
However, counsel has satisfactorily explained why each argument lacked merit. 

 Through his pro se brief, appellant also raised the issue of whether he received
effective assistance of counsel at trial because his attorney purportedly 1) failed to do any
pretrial investigation, 2) failed to seek out and interview potential witnesses, 3) failed to file
a pretrial motion to take depositions of the victims, and 4) promised him that if the trial court
made a finding that placing him on community supervision was in the best interest of the
victims, he would automatically be granted probation. The record, however, is devoid of
any evidence supporting any of the claims. So, since claims of ineffective assistance must
be firmly founded in the record, McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App.
1996), overruled on other grounds by Mosley v. State, 983 S.W.2d 249 (Tex. Crim. App.
1998), and appellant's is not, we find the allegation lacking in merit.

 Lastly, we conducted our own review of the record to uncover any arguable error,
as required by Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991), and found none. 
Accordingly, the motions to withdraw are granted, and the judgments are affirmed.


 Brian Quinn 

 Justice


Do not publish. 
1. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).